IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

THOMAS NEWLAND,

    Defendant.

8:19-CR-23

TENTATIVE FINDINGS

The Court has received the revised presentence investigation report in this case. There are no motions for departure or variance. The defendant has objected (filing 38) to the presentence report.

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

    (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

    (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c) impose upon the United States the burden of proof on all Guidelines enhancements;

(d) impose upon the defendant the burden of proof on all Guidelines mitigators;

(e) depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f) in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2. There are no motions for departure or variance. The defendant has objected to the presentence report on several grounds. Filing 38.

First, the defendant objects to setting the base offense level at 38 pursuant to U.S.S.G. § 2D1.1(a)(2), which applies when "the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance[.]" The defendant correctly points out that while he was *charged* with a count of distribution of methamphetamine resulting in death, filing 1 at 1, the count he pled guilty to was simply distribution of methamphetamine, filing 31 at 1-2. While a death resulting from that distribution may be considered by the Court, § 2D1.1(a)(2) only applies when *the offense of conviction* establishes that death resulted, and that's not the case here. *United States v. Bradford*, 499 F.3d 910, 918-19 (8th Cir. 2007), *abrogated on other grounds by United States v. Villareal-Amarillas*, 562 F.3d 892 (8th Cir. 2009).

Accordingly, the Court concludes (and the government apparently agrees) that the defendant's objection has merit, and that the base offense level was incorrectly determined by the presentence report. The drug weight set forth in the presentence report would support a base offense level of 18.

The defendant also objects to the assessment of enhancements to the offense level for misrepresenting a substance containing fentanyl, *see* § 2D1.1(b)(13), and for a vulnerable victim, *see* U.S.S.G. § 3A1.1(b)(1). Whether the defendant misrepresented fentanyl as heroin is a factual question to be answered at sentencing, with the burden on the government to establish the factual basis for an enhancement by a preponderance of the evidence. *United States v. Mitchell*, 825 F.3d 422, 425 (8th Cir. 2016). The vulnerable victim enhancement is based on the victim's status as "a drug addict who was not an experienced fentanyl user." There is some question whether being a drug addict is sufficient to establish vulnerability, particularly when the charge is a drug crime and the possibility that the recipient is an addict is presumably already taken into account. *See United States v. Guidry*, 817 F.3d 997, 1009 (7th Cir. 2016); *United States v. Volkman*, 797 F.3d 377, 398 (6th Cir. 2015); *United States v. Amedeo*, 370 F.3d 1305, 1318 (11th Cir. 2004); *see also United States v. Angeles-Mendoza*, 407 F.3d 742, 748 (5th Cir. 2005). Nonetheless, the Court will also resolve this issue at sentencing. Again, the government may, or may not, contest the defendant's objections.

3. Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the

preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4. If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5. Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6. Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 10th day of December, 2019.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge